Carla Gowen McClurg, OSB#165144
U.S. Department of Justice
Office of the United States Trustee
620 SW Main St., Rm 213
Portland, OR  97205
Telephone: (503) 326-7659
Email:  carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Mary Ann Michiko Roberts,<br><br>Debtor. | Case No.   15-63116-tmr7 |
| United States Trustee,<br><br>Plaintiff,<br><br>    v.<br><br>Heather A. Brann,<br><br>Defendant. | Adversary No.   16-____-<br><br>**STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES** |

The Acting United States Trustee for Region 18, Gail Brehm Geiger (the "UST"), and

Heather A. Brann ("Brann") hereby represent and stipulate as follows:

## Stipulated Facts

1.Brann is a member of the Oregon State Bar and is admitted to practice in the

District Court for the District of Oregon.

2.The UST obtained information and documents in connection with the case of *In*

**Page 1 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES**

*re Mary Ann Michiko Roberts*, Case No. 15-63116-tmr7 (the "Roberts Case"), pending in the U.S. Bankruptcy Court for the District of Oregon, Eugene Division, including from Brann and by examining the debtor, Mary Ann Michiko Roberts ("Roberts"), based on Fed. R. Bankr. P. 2004 on April 5, 2016 (the "Roberts 2004 Exam").

### *Brann's Relationship with Howard Law, P.C.*

3. The parties understand that Vincent Howard ("Howard") is an attorney licensed to practice law in the State of California, but is not authorized to practice law in the State of Oregon.

4. The parties understand that Howard is the principal of Howard Law P.C. ("Howard Law"), a California corporation.

5. A representative of Howard Law contacted Brann and inquired if Brann would act as local counsel for Howard Law for bankruptcy matters involving Howard Law clients located in Oregon.

6. Brann agreed to accept one bankruptcy client, Roberts, from Howard Law as a test case to determine if Brann would agree to accept any additional bankruptcy clients from Howard Law. Brann agreed to reimburse Howard Law for paralegal support in connection with cases she accepted from Howard Law.

7. Brann did not agree to accept any additional potential bankruptcy clients from Howard Law.

8. Brann terminated her relationship with Howard Law orally on or about November 19, 2015, and in writing on or about January 28, 2016. Howard Law has accepted the termination.

Page 2 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

## The Roberts Case

9. Roberts testified during the Roberts 2004 Exam that more than 12 months before her petition was filed, she signed three agreements with Graeff Law, P.C. ("Graeff Law"): the Attorney/Client Fee Agreement – Debt Resolution Representation (the "Debt Settlement Agreement"), the Attorney/Client Bankruptcy Fee Agreement (the "Bankruptcy Agreement"), and the Legal Assistance Program True Retainer Agreement (the "LAP Agreement") (collectively referred to herein as the "Engagement Agreements").

10. Roberts also testified during the Roberts 2004 Exam that at the time she signed the Engagement Agreements she did not understand the Engagement Agreements, she only wanted to hire Graeff Law for bankruptcy services and she did not want debt resolution services.

11. Graeff Law debited Roberts's bank account for legal fees from in or about August 2014 through in or about early February 2015.

12. Graeff terminated his representation of Roberts about seven months before Roberts filed for bankruptcy. Howard Law then debited Roberts's bank account for legal fees from in or about March 2015 through in or about July 2015.

13. On July 20, 2015, Susan Muzila, a Howard Law Bankruptcy Liaison, contacted Brann regarding representing Roberts in a bankruptcy case.

14. Brann contacted Roberts by phone at the end of July 2015, about representing Roberts in a bankruptcy filing.

15. Brann recalls that the Howard Law staff prepared an initial draft of bankruptcy documents for Roberts (the "Original Bankruptcy Documents") and that Howard Law emailed the Original Bankruptcy Documents to Brann. Brann also recalls that she conferred with Roberts about those documents and that she then communicated with the Howard Law staff about

Page 3 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

making revisions and corrections to the Original Bankruptcy Documents. Brann further recalls that on or about August 20, 2015, the Howard Law Staff confirmed that the changes had been made and they would be sending the revised bankruptcy documents to Roberts for signature.

16. On or about August 24, 2015, a petition, schedules, statements, and related documents were sent to Roberts to sign. However, Brann believes that Howard Law sent the Original Bankruptcy Documents, not the revised bankruptcy documents.

17. On or about September 9, 2015, Brann received a check from Howard Law issued to Heather A. Brann P.C. in the amount of $1,689.00 for attorney's fees, court filing fees, and related costs to file Roberts's bankruptcy case. The check was dated August 25, 2015. Brann asserts that she believed that the check reflected a transfer of Roberts' funds, held by Howard Law in trust, to her for purposes of filing Roberts' bankruptcy and that Brann did not know that Howard Law had received additional amounts from Roberts.

18. On or about September 9, 2015, Brann also received two invoices from Howard Law. The invoices were dated August 25, 2015. They requested payment from Brann in the total amount of $854.00 (the "Howard Law Invoices"). One invoice requested a total from Brann of $400.75 for the following items: marketing and advertising costs ($341.75), Start Fresh credit counseling and/or debtor education ($39.00), and credit report ($20.00). The other invoice from Howard Law requested payment from Brann in the total amount of $453.25 for "servicing support." Brann has not paid the Howard Law Invoices.

19. Roberts testified that she signed the Original Bankruptcy Documents within a few days after August 24, 2015. The Original Bankruptcy Documents included type-written dates of August 24, 2015 for signature dates.

20. An electronic version of the Original Bankruptcy Documents was filed by Brann

Page 4 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

on September 15, 2015 (the "Filed Bankruptcy Documents")

21. The Filed Bankruptcy Documents were different from the Original Bankruptcy Documents in the following respects:

   a. The total bank account balance listed on Schedule B, item 2, was $7.35 on the Original Bankruptcy Documents and $23.97 on the Filed Bankruptcy Documents;

   b. The year-to-date amount listed in response to Statement of Financial Affairs, item 2 (income other than from employment or operation of a business) was (i) $10,173.60 for Social Security benefits and $128.00 for SNAP benefits on the Original Bankruptcy Documents, and (ii) $11,445.30 for Social Security benefits and $144.00 for SNAP benefits on the Filed Bankruptcy Documents; and

   c. The signature date for Roberts was August 24, 2015 on the Original Bankruptcy Documents and September 15, 2015 on the Filed Bankruptcy Documents.

22. Roberts testified during the Roberts 2004 exam that she did not know why the bank balance and year-to-date benefits information on the Original Bankruptcy Documents did not match the Filed Bankruptcy Documents.

23. Statement of Financial Affairs item 9 in the Original Bankruptcy Documents and the Filed Bankruptcy Documents, which required the listing of all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of the case, provided the following information:

Page 5 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

a. The debtor paid Brann in 2015 "$1,295.00 for bankruptcy representation" and "$355.00 for bankruptcy court filing fee;" and

   b. The debtor paid Start Fresh Today $39.00 in July 2015 for credit counseling and debtor education courses.

24. The information disclosed in response to item 9 on the Statement of Financial Affairs was inaccurate because: (i) it did not disclose that Brann received a total of $1,689 from Howard Law consisting of $1,295 for Roberts's bankruptcy representation, $355 for the court filing fee, and $39 for credit counseling and debtor education costs; (ii) it represented that Roberts paid $39 to Start Fresh Today; and (iii) it did not include payments by Roberts to Howard Law or any affiliated attorneys within one year of the petition date.

25. On September 15, 2015, Brann signed and filed a Disclosure of Compensation of Attorney for Debtors (the "Original Disclosure of Compensation"). On the Original Disclosure of Compensation, Brann disclosed that she received $1,295 for legal services, that $335 of the filing fee had been paid, and that the source of the compensation was Roberts. Brann further represented that she had not agreed to share the compensation with any other person unless they are members or associates of her law firm.

26. From about mid-September through the end of 2015 and early 2016, Brann was regularly out of the office and taken away from her law practice because of the terminal illness of her spouse.

27. On October 7, 2015, Brann received a telephone call from Office of the United States Trustee inquiring about Howard Law. As result of this call and Brann's subsequent investigation, Brann learned that the UST was investigating Howard Law. Brann represents that she did not know about the investigation, litigation, case or concerns regarding Howard Law

Page 6 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

prior to the call from the UST.

28. On October 8, 2015, the UST asked Brann for documents and information related to Howard Law, including a ledger listing funds paid by Roberts to Howard Law and the disposition of such funds. Brann requested the ledger from Howard Law.

29. Roberts' creditors' meeting was first scheduled for October 19, 2015. The creditors' meeting was continued to November 30 because of serious medical problems of Brann's spouse. When a new medical appointment again conflicted with the November 30 date, Brann arranged for an appearance attorney to take her place. Roberts did not have to pay additional amounts out of pocket for the appearance attorney.

30. On or about November 28, 2015, Howard Law provided two ledgers to Brann. Brann provided the ledgers to the UST along with other requested documents and information.

31. On November 29, 2015, Brann signed and filed an Amended Disclosure of Compensation of Attorney for Debtor (the "Amended Disclosure of Compensation"). On the Amended Disclosure of Compensation, Brann disclosed that she received $1,295 for legal services and that the source of the compensation was the "[t]ransfer of funds accumulated by debtor with Howard Law." On the Amended Disclosure of Compensation, Brann stated that she had agreed to share her compensation with Kellie Furr ("Furr"), an attorney, and attached a letter dated August 24, 2015. The attached letter said that Brann would compensate an appearance counsel $175 if Brann could not personally attend the meeting of creditors.

32. Roberts testified that Brann said that Roberts had overpaid Howard Law for bankruptcy services by about $740 or $750.

33. Brann disagrees with Roberts' characterization of their conversation. Brann believes this conversation occurred after Howard Law provided ledgers to Brann post-petition

Page 7 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

regarding payments made by Roberts to Howard Law. Brann recalls counseling Roberts that she may have made overpayment to Howard Law, and that the Trustee may be interested in recovering those payments for creditors. Brann specifically recalls not estimating a dollar value for that claim, because the Howard ledgers were confusing and she was not confident that either Roberts or Howard Law had provided complete agreements for services.

34. Neither the Schedule B included with the Original Bankruptcy Documents nor the Schedule B included with the Filed Bankruptcy Documents listed a potential claim by Roberts against Howard Law or any affiliated attorneys.

35. On November 30, 2016, the creditors' meeting was completed. Brann had intended to represent Roberts at the creditors' meeting. However, appointments for Brann's terminally ill spouse prevented her from representing Roberts at the creditors' meeting. Furr represented Roberts at the creditors' meeting.

36. On March 18, 2016, amended Schedules A/B and C (the "Amended Schedules") and amended Statement of Financial Affairs (the "Amended SOFA") were filed in the Roberts Case. The Amended Schedules listed claims against Howard Law and Morgan Drexen with unknown values. Roberts signed the Amended Schedules on February 27, 2016. The Amended SOFA stated that Roberts paid Howard Law (or its affiliates) an estimated amount of $470 for fees, costs and other charges related to debt settlement services within one year before the bankruptcy case filing.

## Admissions Regarding Violations

37. Brann admits that she violated the disclosure requirements of 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) by not disclosing in the Original Disclosure of Compensation (i) Howard Law was the source of her compensation and (ii) the agreement to reimburse Howard

Page 8 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

Law for services and expenses provided in connection with Roberts' case.

38.     Brann admits that she violated the Court's electronic filing requirements and LBR 9011-4 by filing bankruptcy documents that were different than what was signed by Roberts.

**Stipulation re Proposed Order**

39.     Based on the foregoing Stipulated Facts, the UST and Brann stipulate to resolving the UST's concerns regarding Brann's conduct in the Roberts Case by the lodging and entry of an Order directing (i) Refund of Fees Less Costs and Expenses, (ii) Legal Education, and (iii) Compliance with Rules, Procedures, and Agreements Regarding Electronic Filing Practices (the "Order") in the form attached as Exhibit 1 hereto that provides as follows:

a.      Brann has deposited $1,179.00 (the "Refunded Fees") into the IOLTA trust account of Coers Mitchell Law LLC.  The Refunded Fees are calculated as follows: $1,689.00 received from Howard Law minus $175.00 that Brann paid appearance counsel to represent Roberts at the meeting of creditors, and $335.00 for the court filing fee. The Refunded Fees also includes the $854 invoiced in the Howard Law Invoices.  Although Brann does not assert an interest in the Refunded Fees based on this stipulation, Brann anticipates that there may be competing or adverse claims of interest in the Refunded Fees.  As a result, Brann may be exposed to multiple liability related to the Refunded Fees.  The Refunded Fees shall be held in the IOLTA trust account of Coers Mitchell Law LLC pending either:  (a) entry of a final order of the Court that resolves all claims of competing or adverse interests in the Refunded Fees, that restrains or enjoins other persons from commencing or pursing a claim against Brann arising from or related to the Refunded Fees, and that provides specific directions regarding the disbursement of the Refunded Fees or (b) Brann interpleads the Refunded Fees to the Court as part of this adversary proceeding and files a motion to join persons who may assert an interest in

Page 9 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

the Refunded Fees.

b. Within 30 days of the entry of the Order, Brann shall complete 6 credit hours of continuing legal education in bankruptcy law, consumer law, and ethics, of which at least 3 credit hours shall be in ethics.

c. Brann has reviewed and will comply with all rules, procedures, and agreements involving electronic case filing and document retention, including without limitation Local Bankruptcy Rules 5005-4(e), 9011-4, and 9037-1; Administrative Procedures for Electronically Filing Case Documents (LBF 125); and the Attorney Registration for Participation in Electronic Case File (ECF) System (LBF 130).

d. Brann has reviewed and will comply with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules concerning the disclosure of: (i) Brann's compensation, (ii) Brann's sharing of compensation or agreements to share compensation with non-members of her firm, and (iii) agreements for compensation between Brann and her clients, including without limitation 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016.

e. In the event that Brann fails to comply with paragraphs 39.a through 39.d above, the UST may pursue such action as the UST deems appropriate.

f. Neither the Stipulation nor the Order is intended to affect the UST's ability to refer any person's conduct to any enforcement agency.

g. Except as described in paragraph 39.a, this Stipulation and the Order do not affect any rights of Brann's clients, including Roberts; the bankruptcy trustees assigned to cases in which Brann is debtors' counsel, including the trustee assigned to the Roberts Case; the creditors of any cases in which Brann is debtors' counsel, or any other interested party in cases which Brann is debtor's counsel.

Page 10 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

h. The court shall retain exclusive jurisdiction to enforce the terms of this Stipulation, including paragraph 39.a, and the Order as well as to hear and adjudicate any motions for their enforcement or contempt related to the Order.

i. Neither this Stipulation nor the Order are intended to alter, limit, expand, or affect Brann's existing or future rights or obligations under the Bankruptcy Code; the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules, forms, procedures, and practices, or under any other court order.

j. When all terms of this Stipulation and Order are complete and satisfied, the parties shall take action to cause the closure this proceeding.

**IT IS SO AGREED:**

HEATHER A. BRANN

/s/ Heather A. Brann          Dated: 11/20/2016
Heather A. Brann, OSB #040495

GAIL BREHM GEIGER, Acting U.S. Trustee for Region 18

By:  /s/ Carla Gowen McClurg          Dated: 11/30/16
Carla Gowen McClurg, OSB #165144
Trial Attorney

Approved as to form:

/s/ Johnston Mitchell          Dated: Nov. 22, 2016
Johnston Mitchell, OSB #924060
Attorney for Heather A. Brann

**Page 11 - STIPULATION FOR ENTRY OF ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES**

# Exhibit 1

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Mary Ann Michiko Roberts,<br><br>Debtor. | Case No.  15-63116-tmr7 |
| United States Trustee,<br><br>Plaintiff,<br><br> v.<br><br>Heather A. Brann,<br><br>Defendant. | Adversary No.  16-____-<br><br>**ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES** |

  Based on the Stipulation for Entry of Order Requiring (i) Refund of Fees Less Costs and

Expenses, (ii) Legal Education, and (iii) Compliance with Rules, Procedures, and Agreements

Regarding Electronic Filing Practices between Acting United States Trustee for Region 18, Gail

Brehm Geiger (the "UST") and Heather A. Brann ("Brann") in connection with the case of *In re*

**Page 1 of 4** - ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

*Mary Ann Michiko Roberts*, Case No. 15-63116-tmr7 (the "Roberts Case"), now, therefore,

IT IS HEREBY ORDERED as follows:

1. The $1,179.00 that Brann has deposited into the IOLTA trust account of Coers Mitchell Law LLC (the "Refunded Fees") shall be held in the IOLTA trust account of Coers Mitchell Law LLC pending either: (a) entry of a final order of the Court that resolves all claims of competing or adverse interests in the Refunded Fees, that restrains or enjoins other persons from commencing or pursing a claim against Brann arising from or related to the Refunded Fees, and that provides specific directions regarding the disbursement of the Refunded Fees or (b) Brann interpleading the Refunded Fees to the Court as part of this adversary proceeding and filing a motion to join persons who may assert an interest in the Refunded Fees.

2. Within 30 days of the entry of this Order, Brann shall complete 6 credit hours of continuing legal education in bankruptcy law, consumer law, and ethics, of which at least 3 credit hours shall be in ethics.

3. Brann shall comply with all rules, procedures, and agreements involving electronic case filing and document retention, including without limitation Local Bankruptcy Rules 5005-4(e), 9011-4, and 9037-1; Administrative Procedures for Electronically Filing Case Documents (LBF 125); and the Attorney Registration for Participation in Electronic Case File (ECF) System (LBF 130).

4. Brann shall comply with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules concerning the disclosure of: (i) Brann's compensation, (ii) Brann's sharing of compensation or agreements to share compensation with non-members of her firm, and (iii) agreements for compensation between Brann and her clients, including without limitation 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016.

**Page 2 of 4** - ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

5. In the event that Brann fails to comply with paragraphs 1 through 4 above, the UST may pursue such action as the UST deems appropriate.

6. Neither the Stipulation nor this Order affect the UST's ability to refer any person's conduct to any enforcement agency.

7. Except as described in paragraph 1 above, the Stipulation and this Order do not affect any rights of Brann's clients, including Mary Ann Michiko Roberts; the bankruptcy trustees assigned to cases in which Brann is debtors' counsel, including the trustee assigned to the Roberts Case; the creditors of any cases in which Brann is debtors' counsel, or any other interested party in cases which Brann is debtor's counsel.

8. The court shall retain exclusive jurisdiction to enforce the terms of this Order, including paragraph 1, and the Stipulation as well as to hear and adjudicate any motions for their enforcement or contempt related to the Order.

9. Neither the Stipulation nor this Order are intended to alter, limit, expand, or affect Brann's existing or future rights or obligations under the Bankruptcy Code; the Federal Rules of Bankruptcy Procedure; and Local Bankruptcy Rules, forms, procedures, and practices, or under any other court order.

10. When all terms of the Stipulation and Order are complete and satisfied, the parties shall take action to cause the closure this proceeding.

# # #

I hereby certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

/ / /

/ / /

/ / /

**Page 3 of 4** - ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16

Presented by:

GAIL BREHM GEIGER
Acting United States Trustee for Region 18


/s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB #165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Rm. 213
Portland, OR  97205
Telephone:  (503) 326-7659
Email:  carla.mcclurg@usdoj.gov

**Page 4 of 4** - ORDER REQUIRING (i) REFUND OF FEES LESS COSTS AND EXPENSES, (ii) LEGAL EDUCATION, AND (iii) COMPLIANCE WITH RULES, PROCEDURES, AND AGREEMENTS REGARDING ELECTRONIC FILING PRACTICES

Case 16-06124-tmr    Doc 2    Filed 11/30/16